**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-4592**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LEE TUTTLE,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:24-cr-00108-TDS-1)

───────────

Submitted:  September 18, 2025                    Decided:  September 22, 2025

───────────

Before THACKER and BENJAMIN, Circuit Judges, TRAXLER, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Louis C. Allen III, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Mary Ann Courtney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Tuttle pleaded guilty pursuant to a written plea agreement to bank robbery, in violation of 18 U.S.C. § 2113(a).  The district court sentenced Tuttle within his Sentencing Guidelines range to 156 months' imprisonment.  On appeal, Tuttle's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Tuttle's sentence is procedurally and substantively reasonable.  Specifically, counsel contends that Tuttle's sentence is substantively unreasonable because the district court disproportionately weighed Tuttle's previous 156-month sentence for bank robbery, and the 18 U.S.C. § 3553(a) factors of affording adequate deterrence and the need to provide just punishment.  Although informed of his right to do so, Tuttle has not filed a pro se supplemental brief.  The Government has declined to file a response.  We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard."  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).  We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence."  *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).  If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence.  *Id.*  Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *Id.*

2

(internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

With respect to the procedural reasonableness of Tuttle's sentence, the district court correctly calculated the Guidelines range, considered the parties' arguments and Tuttle's individualized circumstances, offered Tuttle the opportunity to allocute, and explained why the chosen sentence was appropriate. We conclude that Tuttle's sentence is procedurally reasonable.

Turning to substantive reasonableness, the district court did not improperly weigh the 18 U.S.C. § 3553(a) factors in imposing Tuttle's within-Guidelines range sentence. The district court expressed concern that Tuttle had only been out of prison for a matter of weeks since age 19 and that his criminal history substantially underrepresented his likelihood of committing crimes. While the district court distinguished the instant offense from Tuttle's prior robbery offense, noting the less serious conduct involved in the instant robbery, the court found that the previous 156-month sentence on the prior robbery conviction had not deterred Tuttle from committing yet another bank robbery. Thus, the court reasoned that it was not appropriate to impose anything less than 156 months' imprisonment. Additionally, in imposing its sentence, the court expressly considered the need to promote respect for the law and to provide a just punishment for Tuttle's offense.

3

We thus conclude that Tuttle fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Tuttle, in writing, of the right to petition the Supreme Court of the United States for further review. If Tuttle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tuttle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*